## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **THE SPLATTER STUDIO, LLC,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action File No.** |
| | : | |
| **v.** | : | |
| | : | |
| **SPIN ART NATION, LLC, SPIN ART** | : | |
| **NATION ATLANTA, LLC, SPIN ART** | : | |
| **RALEIGH, LLC, AND SPIN ART** | : | |
| **NATION CHICAGO, LLC,** | : | **Jury Trial Demand** |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>COMPLAINT</u>

Plaintiff, The Splatter Studio, LLC (hereinafter "Splatter Studio"), by and through counsel undersigned, hereby submits this Complaint against Defendants Spin Art Nation, LLC, Spin Art Nation Atlanta, LLC, Spin Art Raleigh, LLC, and Spin Art Nation Chicago, LLC, (hereinafter "Defendant"), based on the following allegations:

## PARTIES

### 1.

Plaintiff Splatter Studio, LLC is a limited liability company organized and existing under the laws of the State of Georgia and having its principal place of business at 729 North Highland Avenue, NE, Atlanta, GA, 30306.

### 2.

The Splatter Studio is a do-it-yourself art studio in which individuals are provided with the use of supplies and equipment to paint like a real artist either by themselves or with friends.

### 3.

The Splatter Studio owns a distinctive and federally registered trademark (the "Trademark").

| Mark | Reg. No. | Reg. Date | Goods/Services |
|------|----------|-----------|----------------|
| SPLATTER STUDIO | 7,567,885 | Nov. 19, 2024 | Do-it-yourself art studio in which individuals are provided with the use of supplies and equipment to paint like a real artist either by themselves or with friends |

**4.**

Defendant Spin Art Nation, LLC is a limited liability company organized and existing under the laws of the State of Georgia and having its principal place of business at 2330 Morgan Farm Dr, Buford, GA, 30519.

**5.**

Defendant Spin Art Nation Atlanta, LLC is a limited liability company organized and existing under the laws of the State of Georgia and having its principal place of business at 22 Park Place, suite 22, Atlanta, GA, 30303.

**6.**

Defendant Spin Art Raleigh, LLC is a limited liability company organized and existing under the laws of the State of North Carolina and having its principal place of business at 8204 Tryon Woods Dr #116, Cary, NC 27518-7164.

**7.**

Defendant Spin Art Nation Chicago, LLC is a limited liability company organized and existing under the laws of the State of Illinois and having its principal place of business at 1824 Waverly Way, Montgomery, IL 60538.

## JURISDICTION AND VENUE

### 8.

This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) of claims under Georgia law.

### 9.

This Court has personal jurisdiction over Defendants. Defendants Spin Art Nation, LLC and Spin Art Nation Atlanta, LLC reside in this district and also distribute, offer for sale, and sell the infringing services that are the subject of this action within the State of Georgia and this judicial District. Furthermore, Spin Art Nation, LLC, is the parent company to Defendants Spin Art Raleigh, LLC, and Spin Art Nation Chicago, LLC, as well as runs their website and booking system which also contains the infringing actions. Defendants have established contacts with the State of Georgia sufficient for this Court to exercise personal jurisdiction over Defendants.

### 10.

Venue is proper under 28 U.S.C. § 1391(b) because the acts giving rise to the claims in this case occurred in this District, and Defendants reside in and are doing business in this District.

<u>**DEFENDANTS' UNLAWFUL ACTIONS**</u>

**11.**

The Splatter Studio is an immersive art experience available to the public.  It hosts a variety of fun and special events that celebrate the diversity of artistic expression for all ages.

**12.**

The Splatter Studio owns a distinctive and federally registered trademark (the "Trademark").

| Mark | Reg.  No. | Reg.  Date | Goods/Services |
|---|---|---|---|
| SPLATTER STUDIO | 7,567,885 | Nov.  19, 2024 | Do-it-yourself art studio in which individuals are provided with the use of supplies and equipment to paint like a real artist either by themselves or with friends |

**13.**

The Splatter Studio word mark standing on its own is strong and distinctive. The Splatter Studio has invested substantial sums of money in advertising, marketing, and promoting that mark and the goods and services provided under it.

As a result of the Splatter Studio continuous and extensive use, the Splatter Studio word mark has built goodwill and enjoys public acceptance and association with the mark and has come to be recognized by the public.

## 14.

Long after Splatter Studio began using the Trademark in the summer of 2020, Defendants began operating a similar company in Fulton County, virtually a few miles down the road from Splatter Studio's Virginia Highland location, under the name Spin Art Nation.  However, Defendants advertised their business as the "Splatter Studio", and put up signage outside their store front, as well as throughout the interior of their businesses advertising their own "Splatter Studio".  Defendants have also advertised on social media using "Splatter Studio".  Defendants in their Georgia location's opening demo to clients referred to their business as the only "Splatter Studio" in Georgia.

## 15.

Defendants have since opened multiple locations in Georgia, North Carolina, Texas, and Illinois, all using the same infringing behavior.

**16.**

Defendants began operating their business well after Plaintiff had established protectable rights in the Mark and the Mark had become recognized by consumers as distinctive identifiers of Plaintiff.

**17.**

Starting in mid-2023, an agent for Defendants visited the Splatter Studio location in Virginia Highlands at least three times, becoming so well acquainted with the business that he volunteered to provide the demo given to new clients on his last visit.  Shortly their after, the Splatter Studio learned of Defendants' businesses and visited its Peachtree Street location and saw the infringing signage and learned of their claim that they were the only splatter studio in the state of Georgia.

**18.**

Defendants are intentionally freeriding on the success and popularity of the Splatter Studio by brazenly copying the Splatter Studio's Mark, in an effort to dupe unwitting clients into believing Defendants' companies is owned by, associated or affiliated with, or sponsored or endorsed by the Splatter Studio.

**19.**

Not only are Defendants using identical and confusingly similar iterations of the Splatter Studio's Trademark, but Defendants were cybersquatting on

splatterstudio.com, redirecting all traffic to the site to SpinArtNation.com. Upon back and forth communication regarding their infringing behavior, Defendants have since ceased using splatterstudio.com in violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). Defendants' conduct thus harms Splatter Studio.

**20.**

Defendants' art experience is not associated or connected with Plaintiff. It has not been licensed, authorized, sponsored, endorsed, or approved by Plaintiff.

**21.**

Defendants' infringement is undoubtedly intentional, willful, and in bad faith, as evidenced by Defendants' rampant use of identical versions of the Splatter Studio's Trademark. Defendants' bad faith is further evidenced by Defendants' continued use of the Trademark even after their acknowledged receipt of notifications the Splatter Studio that such use was infringing. Defendants also repeatedly tried to gain financially from their infringement by demanding payment from the Splatter Studio in order to cease their infringing behavior.

**22.**

Defendants' activities are likely to deceive, confuse, and mislead customers, prospective customers, and others into mistakenly believing, initially and thereafter,

that their businesses are operated, authorized by, or in some manner associated with Plaintiff, when it is not.

**23.**

Defendants' activities are likely to cause confusion among customers, prospective customers, and others viewing Defendants' business before and/or at the time of purchasing their service. By causing such a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm to the goodwill symbolized by the Mark.

**24.**

Defendants' infringement must be stopped to prevent further harm to the Splatter Studio. Accordingly, the Splatter Studio bring this action for federal trademark infringement, federal unfair competition, federal dilution, deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 et. seq., unfair competition under O.C.G.A. § 23-3-55, dilution under the Georgia anti-dilution act, O.C.G.A. § 10-1-451, and trademark infringement and unfair competition under Georgia common law.

**25.**

On information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitations of the Mark.

**26.**

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff, to the great and irreparable injury of Plaintiff.

## <u>COUNT I: FEDERAL TRADEMARK INFRINGEMENT</u>

**27.**

Plaintiff incorporates the allegations in each of the paragraphs above as if fully set forth herein.

**28.**

Defendants are using confusingly similar imitations of the federally registered Splatter Studio Marks in a manner that is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' business is associated or connected with Plaintiff, or has the sponsorship, endorsement, or approval of Plaintiff, when that is not the case.

**29.**

Defendants have used and continue to use trademarks that are confusingly similar to Plaintiff's federally-registered trademarks in violation of 15 U.S.C. § 1114, and Defendants' activities, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception to members of the public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's federally-registered trademarks, for which Plaintiff has no adequate remedy at law.

**30.**

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's federally-registered trademarks, to Plaintiff's great and irreparable injury.

**31.**

Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## <u>COUNT II: FEDERAL UNFAIR COMPETITION</u>

### 32.

Plaintiff incorporates the allegations in each of the paragraphs above as if fully set forth herein.

### 33.

Defendants' use of confusingly similar imitations of the Splatter Studio Mark is causing and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression that Defendants' business is operated by Plaintiff, or is affiliated, connected, or associated with Plaintiff, or has the sponsorship, endorsement, or approval of Plaintiff, when that is not the case.

### 34.

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Splatter Studio Mark, to the great and irreparable injury of Plaintiff.

### 35.

Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff in violation of in violation of 15 U.S.C. § 1125, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual

damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT III: FEDERAL TRADEMARK DILUTION

### 36.

Plaintiff incorporates the allegations in each of the paragraphs above as if fully set forth herein.

### 37.

For decades, Plaintiff has exclusively and continuously promoted and used the Splatter Studio Mark throughout the United States. This mark became well-known symbols of Plaintiff well before Defendants offered their services.

### 38.

Defendants are making use in commerce of marks that dilute or are likely to dilute the distinctiveness of the Splatter Studio Mark by eroding the public's exclusive identification of the Splatter Studio Mark with Plaintiff, tarnishing and degrading the positive association and prestigious connotations of the Splatter Studio Mark, and otherwise lessening the capacity of the Splatter Studio Mark to identify and distinguish Plaintiff's goods and services.

**39.**

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Splatter Studio Mark or to cause dilution of the Splatter Studio Mark to the great and irreparable injury to Plaintiff.

**40.**

Because Defendants have caused, and are likely to continue causing, irreparable injury to Plaintiff's goodwill and business reputations and dilution of the distinctiveness and value of the Splatter Studio Mark in violation of 15 U.S.C. § 1125(c), and because this is an exceptional case, Plaintiff is entitled to injunctive relief and to Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116 and 1117.

## COUNT IV: CYEBRPIRACY

**41.**

Plaintiff incorporates the allegations in each of the paragraphs above as if fully set forth herein.

**42.**

In bad faith, Defendants registered and have used the domain name <splatterstudio.com>, which includes an identical and confusingly similar version

of the Splatter Studio mark. Moreover, Defendants had a bad faith intent to profit from the Splatter Studio trademark, both by using the mark in connection with diverting customers away from Plaintiff, and in connection with making unreasonably large monetary demands of Splatter Studio to cease such unlawful conduct and sell the website.

**43.**

Defendants' conduct constitutes Cyberpiracy under 15 U.S.C. § 1125(d), and, pursuant to 15 U.S.C. § 1125(d)(1)(C), Plaintiff is entitled to an order transferring the <splatterstudio.com> domain name to Plaintiff.

## <u>COUNT V: STATE UNFAIR AND DECEPTIVE TRADE PRACTICES</u>

**44.**

Plaintiff incorporates the allegations in each of the paragraphs above as if fully set forth herein.

**45.**

Defendants' conduct constitutes deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et. seq.* 63. Defendants' unauthorized use of confusingly similar imitations of the Splatter

Studio Mark has caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover damages, costs, and reasonable attorneys' fees.

## COUNT VI: UNFAIR COMPETITION UNDER O.C.G.A. § 23-2-55

### 46.

Plaintiff incorporates the allegations in each of the paragraphs above as if fully set forth herein.

### 47.

Defendants' use of confusingly similar imitations of the Splatter Studio Mark is causing and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression that Defendants' business is operated by Plaintiff, or is affiliated, connected, or associated with Plaintiff, or has the sponsorship, endorsement, or approval of Plaintiff, when that is not the case.

### 48.

Defendants are using confusingly similar imitations of the Splatter Studio Mark with the intention of deceiving and misleading the public.

### 49.

Defendants' acts constitute unfair competition in violation of O.C.G.A. § 23-2-55.

## COUNT VII: DILUTION UNDER O.C.G.A. § 10-1-451

### 50.

Plaintiff incorporates the allegations in each of the paragraphs above as if fully set forth herein.

### 51.

Plaintiff has extensively and continuously promoted and used the Splatter Studio Mark throughout Georgia, and the Splatter Studio Mark have thereby become a distinctive, well-known symbol of Plaintiff's goods and services in this State.

### 52.

Defendants' unauthorized use of the Splatter Studio Mark, or confusingly similar iterations thereof, dilutes and is likely to dilute the distinctiveness of the Splatter Studio Mark by eroding the public's exclusive identification of this mark with Plaintiff and by tarnishing and degrading the positive associations of the mark.

### 53.

Defendants are causing and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of the Splatter Studio Mark in violation of O.C.G.A § 10-1-451.  Plaintiff therefore is entitled to injunctive relief.

## COUNT VIII: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

**54.**

Plaintiff incorporates the allegations in each of the paragraphs above as if fully set forth herein.

**55.**

Defendants' acts constitute common law trademark infringement and unfair competition under the common law of Georgia.

**56.**

Defendants acted with full knowledge of Plaintiff's use of and rights to the Splatter Studio Mark without regard to the likelihood of confusion of the public created by Defendants' activities.

**57.**

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Splatter Studio Mark, and to mislead consumers, to the great and irreparable injury of Plaintiff.

**58.**

Because of Defendants' acts, Plaintiff has been damaged in an amount not yet determined or ascertainable.   At a minimum, however, Plaintiff is entitled to

injunctive relief, an accounting of Defendants' profits, damages, and costs.  Further, in light of Defendants' willful, intentional, and malicious use of confusingly similar imitations of the Splatter Studio Mark, all done with the specific intent to cause harm to Plaintiff, and the need to deter Defendants from similar conduct in the future, Plaintiff additionally is entitled to punitive damages.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays that:

1.   Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority of Defendants, or in concert or participation with Defendants, be enjoined permanently, from, directly or indirectly:

a.   using the Splatter Studio Mark, or any other copy, reproduction, or colorable imitation, or confusingly similar version of the same on or in connection with Defendants' services;

b.   using any trademark, service mark, trade dress, name, logo, design, or source designation of any kind in connection with Defendants' services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, service marks, trade dresses, names, or logos of Plaintiff;

c.  using any trademark, service mark, trade dress, name, logo, design, or source designation of any kind in connection with Defendants' services that is likely to cause confusion, mistake, deception, or public misunderstanding that such services are operated or provided by Plaintiff, or is sponsored or authorized by Plaintiff, or is in any way connected or related to Plaintiff;

d.  using any trademark, service mark, trade dress, name, logo, design, or source designation of any kind on or in connection with Defendants' services that dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, trade dresses, names, or logos of Plaintiff; and

e.  passing off, palming off, or assisting in passing off or palming off, Defendants' services as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

2.  Defendants be ordered to transfer the <splatterstudio.com> domain name to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C).

3.  Defendants be compelled to account for and disgorge to Plaintiff any and all profits derived by Defendants from the infringing acts described in this Complaint;

4.  Based on Defendants' willful and intentional conduct, the damages award be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

5.  Defendants be required to pay to Plaintiff the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and the state statutes cited in this Complaint;

6.  Pursuant to O.C.G.A. § 51-12-5.1, and based on Defendants' willful, intentional, malicious, and bad faith actions, which were done with specific intent to cause harm, punitive damages in favor of Plaintiff and against Defendants in an amount sufficient to punish, penalize and deter;

7.  Plaintiff be awarded interest and prejudgment interest; and

8.  Plaintiff has such other and further relief as the Court may deem just.

Dated this 20th day of March 2025.

**KRINSKY LEGAL**

*/s/ Erin J. Krinsky*
ERIN J. KRINSKY
Georgia Bar No. 862274
*Attorney for Plaintiff*

I.B.E.W. Building
501 Pulliam Street, SW, Suite 542
404.275.4110
erin@krinskylegal.com